**NUECES COUNTY HOUSING
ASSISTANCE, INC.,
Appellant,**

v.

**M & M RESOURCES
CORPORATION, Appellee.**

No. 13–90–139–CV.

Court of Appeals of Texas,
Corpus Christi.

March 28, 1991.
Rehearing Overruled April 18, 1991.

Frank Weathered, Dunn, Cason & Weathered, Corpus Christi, for appellant.

David T. Bright, Corpus Christi, for appellee.

Before KENNEDY, BENAVIDES and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken by writ of error from the granting of a "no-answer" default judgment against the petitioner, Nueces County Housing Assistance, Inc. (NCHA). The trial court's judgment awards respondent, M & M Resources (M & M), actual and exemplary damages for NCHA's alleged breach of contract, libel, and tortious interference with contract. Because we conclude that the citation will not support the judgment, we reverse and remand.

■ To successfully attack a default judgment by writ of error, the petitioner must (1) file the writ within six months after the final judgment is rendered; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent from the face of the record. *DSC Fin. Corp. v. Moffitt*, 34 Tex.Sup.Ct.J. 69 (Oct. 24, 1990) (per curiam); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Barrerra v. Barrerra*, 668 S.W.2d 445, 447 (Tex.App.—Corpus Christi 1984, no writ); Tex.R.App.P. 45. It is undisputed that NCHA has satisfied the first three requirements. The only issue for us to decide is whether reversible error is apparent from the face of the record.

■ By its first point of error, NCHA contends that service of process was defective. Because no trial court evidentiary fact-finding is necessary, a "defective service" complaint may be raised for the first time on appeal. *See Bronze & Beautiful, Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App.—Texarkana 1988, no writ) (ordinary appeal); *American Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 765 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.) (ordinary appeal); Tex.R.Civ.P. 324(a), (b)(1). On appeal, the default judgment is simply reviewed to determine whether it was rendered in compliance with the appropriate citation statute. When reviewing a writ of error, there are no presumptions of valid service. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985).

■ Before a default judgment is properly rendered, the record must reflect that the trial court has jurisdiction and that the case is ripe for judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1969). When determining whether the case is ripe for judgment, the trial judge has a mandatory duty to determine that the defendant was duly served with citation and has no answer on file. *Id.* at 138–39. The failure of the record to show strict compliance with the rules governing issuance, service, and return of citation will generally void attempted service and require the default judgment to be set aside. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965); *Ashley Forest Apartments (Lindsay Enter.) v. Almy*, 762 S.W.2d 293, 294 (Tex. App.—Houston [14th Dist.] 1988, no writ). Virtually any deviation from the statutory requisites for service of process will destroy a default judgment. 4 R. McDonald, Texas Civil Practice in District and County Courts § 17.23.2 (rev. 1984).

In its petition, M & M alleged that NCHA was "a Housing Assistance corporation duly licensed to transact business in the State of Texas, and which may be served by and through its Chairman, Carlos Valdez...." The return of citation shows that process, directed toward *Chairman* Valdez, was in fact served upon him. A housing assistance corporation is a nonprofit corporation and, as such, is served through its:

president and all vice-presidents of the corporation and the registered agent of the corporation. . . . Where the chief executive function of a corporation is authorized to be performed by a committee, service on any member of such committee shall be deemed to be service on the president.

Tex.Rev.Civ.Stat.Ann. art. 1396–2.07(A) (Vernon 1980).

The record before the trial court when it rendered its default judgment contained no indication that Valdez was NCHA's president, vice-president, or registered agent. Likewise, the same record included no proof that NCHA's chief executive function was authorized to be performed by a committee of which Valdez was a member. On the other hand, the appellate record contains several judicial admissions by NCHA indicating that Valdez was a member of a committee authorized to perform NCHA's chief executive function. These admissions are contained in NCHA's motions to set aside the default judgment.

Because a record evidencing service upon a "chairman," alone, will not literally satisfy the terms of article 1396–2.07(A), we must decide whether the sufficiency of the substituted service is determined from the record before the trial court on the date the default judgment was rendered or determined from the record before this Court today. In other words, if error must be shown from the "face of the record," what documents comprise the "face of the record."

█ In writ of error proceedings, an appellate court cannot consider documents not before the trial court prior to its rendition of the default judgment.[1] *Advertising Displays, Inc. v. Cote,* 732 S.W.2d 360, 363 (Tex.App.—Houston [14th Dist.] 1987, no writ) (change of address certificate from Secretary of State, not on file at time of

judgment); *Cox Marketing, Inc. v. Adams,* 688 S.W.2d 215, 217–18 (Tex.App.—El Paso 1985, no writ) (capacity of person served shown on supersedeas and cost bonds); *Tankard–Smith, Inc. Gen'l Contractors v. Thursby,* 663 S.W.2d 473, 476 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) (document on file at Secretary of State's office at time of judgment, but not in court's file); *see also Falcon Ridge Apartments v. General Elec. Co.,* U.S., 795 S.W.2d 21, 24 (Tex.App.—Houston [1st Dist.] 1990, writ granted) (Mirabal, J., dissenting); *Maritime Serv., Inc. v. Moller S.S. Co.,* 702 S.W.2d 277, 278 n. 1 (Tex.App.—Houston [1st Dist.] 1985, no writ) (citing *Hurd v. D.E. Goldsmith Chem. Metal Corp.,* 600 S.W.2d 345 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ)); *Cates v. Pon,* 663 S.W.2d 99, 101–02 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Recently, however, in *DSC Finance,* the Supreme Court stated, "[t]he record available for review on appeal by writ of error consists of the judgment and those papers filed in the appellate transcript, but does not include any written or oral evidence." *DSC Finance,* 34 Tex.Sup.Ct.J. at 69. While the Court uses rather broad language, possibly indicating that all papers on file in the appellate transcript comprise the "face of the record," we are not convinced that was precisely the Court's intent. In *DSC Finance,* the Court expressly disapproved of lower appellate opinions which indicate that the record available for review in appeals by writ of error includes written or oral evidence. In so doing, the Court expressly included the "appellate transcript" when defining the "face of the record." Nonetheless, the Court did not refer to any of the lower appellate opinions previously cited that limit the "face of the record" to those documents before the trial court when it rendered its default judgment.

█ Failure to obtain proper service is "fundamental error" and *voids* the judg-

---

1. We acknowledge M & M's reliance upon *Garcia v. Garcia,* 618 S.W.2d 117, 118 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd) for the proposition that, in an appeal by writ of error, a motion for new trial can be considered in sup-

port of a default judgment. While *Garcia* stated, generally, that the motion for new trial was a part of the record, the motion was not in fact considered. Thus, we find no conflict between that case and our decision in the present case.

ment because it was rendered without proof of personal jurisdiction over the defendant. *See Parker v. Scobee*, 36 S.W.2d 303, 304 (Tex.Civ.App.—Waco 1931, no writ) (cited with approval by the Supreme Court in *McKanna*, 388 S.W.2d at 929); *Bronze & Beautiful*, 750 S.W.2d at 29. Admissions contained in a post-judgment motion should not be allowed to relate back to the default judgment and relieve the plaintiff of what it was originally required to show to obtain its default judgment. *See NBS Southern, Inc. v. The Mail Box, Inc.*, 772 S.W.2d 470, 472 (Tex.App.—Dallas 1989, writ denied) (plaintiff unsuccessfully relied on defendant's post-judgment admission of agency). There is a conspicuous absence of any reference in *DSC Finance* to cases holding that the "face of the record" is limited to those documents before the trial court at the time the default was rendered. We glean from their absence that the Court did not intend to affect the rule of law espoused in those cases.

We note, however, that two weeks prior to its decision in *DSC Finance*, the Supreme Court handed down an opinion in *Higginbotham v. General Life and Accident Ins. Co.*, 796 S.W.2d 695 (Tex.1990). In *Higginbotham*, a majority of the Court held that evidence adduced at a hearing on the defendant's motion for new trial could be used to establish proper service of citation. In that case, the trial court's order overruling the motion for new trial contained an express finding of proper service under the applicable citation statute. From the trial court's express finding, the majority reasoned that the signed order overruling the motion for new trial was "tantamount to an order amending the return" under Tex.R.Civ.P. 118.

Reconciling *Higginbotham* with its prior opinions holding that the record of service supporting a default judgment must show strict compliance with the rules governing service of process, the Court stated:

We adhere to our rule that "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect."

Most of these opinions addressing the requirement that the record show strict compliance are writ of error attacks on default judgments. In such cases there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements. We are not to be understood as holding that the citation return alone in this case would have been sufficient to show valid service. Our holding in this case is restricted to situations in which there is a record (such as the evidence at the hearing on a motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to an order amending the return of citation.

*Higginbotham*, 796 S.W.2d at 697 (citation omitted). Ostensibly, the Court has created a distinction between the "record of service" in an appeal by writ of error and an ordinary appeal, restricting its holding in *Higginbotham* to ordinary appeals in which there is evidence at a hearing on a motion for new trial showing compliance with the citation statute and an order amending the return of citation.

Because the present case is an appeal by writ of error and the trial court neither entered an express order amending the return of citation nor entered an order "tantamount" to amendment, we find that the rule of law expressed in *Higginbotham* is not implicated. Nonetheless, it is difficult to disregard the anomaly created by application of *Higginbotham*—had NCHA's counsel taken an ordinary appeal, rather than an appeal by writ of error, service of process may well have been proper.[2] We question the propriety of a rule of law in which the fundamental right of due process

2. Although relatively unusual to have a motion for new trial or motion to set aside the default

judgment in a writ of error case, we recognize that the filing of such motions in no way pre-

could turn on a party's choice of appellate attack on the judgment.

Under the present facts, we hold that *DSC Finance* controls, and the "face of the record" does not include a motion filed after rendition of the default judgment. We cannot breathe life into a judgment that was void at its inception. While our decision today may appear somewhat hyper-technical, especially in light of NCHA's subsequent judicial admissions, we are convinced that it is necessary to ensure both the constitutionality and the fundamental fairness of a judgment obtained by default in this State. Point one is sustained.

Having addressed all points necessary for a proper disposition of this appeal by writ of error, we REVERSE and REMAND the trial court's judgment. *See* Tex.R. App.P. 90(a). Upon remand, NCHA is presumed to have entered its appearance to the term of the court at which the mandate shall be filed; no new service is required. Tex.R.Civ.P. 123.

---

cludes a party from opting to take an appeal by writ of error rather than an ordinary appeal. The requirement that a party not participate at trial in order to appeal by writ of error does not include the filing of these motions. *See Law-* *yers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941); *Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex.App.—Austin 1987, writ ref'd n.r.e.); *Cates v. Pon*, 663 S.W.2d 99 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.).