**SAMARIA BAPTIST CHURCH a/k/a Samaria Missionary Baptist Church, Appellant,**

v.

**ROYAL SURPLUS LINES INSURANCE COMPANY, Appellee.**

No. 2–91–254–CV.

Court of Appeals of Texas, Fort Worth.

June 17, 1992.

Rehearing Overruled Aug. 12, 1992.

Sharpe, Bates and Spurlock, George A. Bates, Fort Worth, for appellant.

Ronald E. Holub, P.C., Ronald E. Holub, Dallas, for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Samaria Baptist Church after the trial court entered a default judgment in favor of Royal Surplus Lines Insurance Company on June 26, 1991, in the amount of $5,450.00 plus prejudgment interest, postjudgment interest, reasonable attorney's fees, and court costs. From the default judgment, Samaria has filed this petition for writ of error asserting that the trial court erred in rendering default judgment because service of process was not proper and because the damages sought by Royal were unliquidated and no evidence was presented at the default judgment hearing substantiating the damages.

Reversed and remanded.

### Statement of Facts

This is a collection case based upon a sworn account in which Royal filed suit against Samaria seeking payment of a $5,450.00 premium plus attorney's fees. Royal unsuccessfully sought service on Samaria's registered agent at the registered address. Royal then amended its petition and sought service on the Secretary of State of the State of Texas as Samaria's agent. The Secretary of State forwarded by certified mail a copy of the citation and petition to Samaria; however, the letter was returned "unclaimed." The trial court entered a default judgment on June 26, 1991, after Samaria failed to answer or otherwise appear.

### Appellant's Points of Error

■ The first three of these points presented by Samaria charge that the trial court lacked jurisdiction to render a default judgment due to the improper service of process. When a default judgment is directly attacked by writ of error, failure to affirmatively show strict compliance with the rules relating to the issuance, service, and return of citation will render the attempted service of citation invalid. *Nueces Housing v. M & M Resources*, 806 S.W.2d 948, 949 (Tex.App.—Corpus Christi 1991, writ denied); *Advertising Displays, Inc. v. Cote*, 732 S.W.2d 360, 362 (Tex.App.—Houston [14th Dist.] 1987, no writ).

■ The substituted service provision of the Texas Non–Profit Corporation Act provides in pertinent part that: "In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office." TEX.REV.CIV.STAT.ANN. art. 1396–2.07(B) (Vernon 1980). In the letter certifying that a copy of the citation and petition was forwarded to Samaria, the Secretary of State states that "a copy was forwarded on APRIL 29, 1991 by CERTIFIED MAIL, return receipt requested." While registered and certified mail are used in the alternative in the Texas Rules of Civil Procedure as well as the Texas Long–Arm Statute,[1] such is not the case under the substitute service provision of the Texas Non–Profit Corporation Act which provides that the Secretary of State may forward copies of the process, notice, or demand only via registered mail.[2] *Id.*

---

1. Rule 106(a)(2) states that "mailing to the defendant by *registered or certified mail,* return receipt requested, a true copy of the citation with a copy of the petition attached thereto" is an alternative to personal service. TEX.R.CIV.P. 106(a)(2) (emphasis added). Similar to the substituted service provision in the Texas Non–Profit Corporation Act, cited *supra,* the Texas Long–Arm Statute provides for substituted service on the Secretary of State who is then charged with immediately mailing a copy of the process to the nonresident; however, the process or notice may be sent by *registered mail or by certified mail,* return receipt requested. TEX.CIV.PRAC. & REM.CODE ANN. §§ 17.044 and 17.-045 (Vernon 1986). Unlike the Texas Long–Arm Statute, the Texas Non–Profit Corporation Act states that the Secretary of State shall forward copies by *registered mail.* TEX.REV.CIV.STAT. ANN. art. 1396–2.07(B).

2. Certified mail is a "[f]orm of mail similar to registered mail by which sender may require return receipt from addressee." BLACK'S LAW DICTIONARY 207 (5th ed. 1979). Registered mail is a "[t]ype of special mailing privilege given by the U.S. Postal Service for an extra fee and which provides insurance of its delivery up to certain amount." BLACK'S LAW DICTIONARY 1154 (5th ed. 1979).

While we are unable to specifically enumerate how forwarding of the citation and petition by registered mail rather than certified mail would have made any difference in the present case, we are charged with reviewing the face of the record under a strict compliance standard. *See Nueces Housing,* 806 S.W.2d at 949. Inherent within this standard of strict compliance is the requirement that the statute be strictly construed. Failure of the record to show strict compliance with the rules governing issuance, service, and return of citation voids the attempted service and requires that the default judgment to be set aside. *Advertising Displays, Inc.,* 732 S.W.2d at 362.

Although the present issue was not raised by Samaria in its brief, fundamental or unassigned error survives in those rare instances in which the record shows on its face that the trial court lacked jurisdiction. *See Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex.1982) (per curiam). We hold that the trial court had no jurisdiction over Samaria in the present case due to the failure of the record to demonstrate that service of process was in strict compliance with the Texas Non–Profit Corporation Act; therefore, the trial court's judgment is void. *Pharmakinetics Laboratories v. Katz,* 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) (held that trial court had no *in personam* jurisdiction over defendant because of failure to affirmatively show strict compliance with rules governing service of process; therefore, the default judgment entered by the trial court was void).

We reverse the default judgment rendered by the trial court and remand this cause for a new trial.

