Michael Joseph ACKERLY, Appellant,

v.

Julia Dolores ACKERLY, Appellee.

No. 13–98–436–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 3, 2000.

Lisa L. Taylor, Brasch & Taylor, L.L.P., Harlingen, for appellant.

Richard S. Hoffman, Hoffman & Goza, Brownsville, for appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

The issue in this case is whether notice by citation is required in a motion for reduction to money judgment[1] pursuant to section 9.010 of the Texas Family Code. We hold that it is.

The 138th District Court of Cameron County decreed Julia Dolores Ackerly, appellee, and Michael Joseph Ackerly, appellant, divorced. As part of the judgment, the court ordered that appellant turn over $13,000 to appellee from a savings account. Two years later, appellee filed a motion for reduction to money judgment in the same court and under the same divorce cause number. The motion included a certification that a copy was mailed to appellant's last known address. Appellant was not served with citation of the motion. The

---

1. A motion for reduction to money judgment is a suit to enforce a divorce or annulment decree, filed in the court which rendered the decree, and brought by any party who did not receive money as awarded in the decree. *See* TEX. FAM.CODE ANN. § *9.010* (Vernon 1998); 22 WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE §§ 364.01–.02 (1999). The court may enter judgment against the defaulting party in the amount to which the movant is entitled; the movant thereafter becomes a judgment creditor with the ability to enforce the judgment as any other judgment creditor might do. *See* 22 WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 364.02[2][b] (1999).

trial court granted the motion and ordered judgment against appellant in the amount of $13,000.[2] A copy of the order was mailed to appellant.

By a single issue, appellant complains of a lack of notice and opportunity to be heard in violation of his rights to due process and due course of law. Specifically, appellant contends appellee failed to serve him by citation as required by section 9.010 of the family code. We reverse and remand.

■ Appellee contends the motion did not require service of citation, but only service of a copy of the motion pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure. In support of this argument, she asserts this case is governed by former section 3.74 of the Texas Family Code, now section 9.010. *See* Act of May 6, 1983, 68th Leg., R.S., ch. 424, § 2, sec. 3.74, 1983 Tex. Gen. Laws 2352 (amended 1997) (current version at Tex. Fam.Code Ann. § 9.010 (Vernon 1998)). Distinguishing the former and present statutes, appellee reasons that because the former version stated, "[o]n the motion of any party . . . ," and the present version lacks such language, the former version did not make a reduction to money judgment an original action requiring service of citation. We disagree and hold that under both former section 3.74 and present section 9.010, a motion to reduce to a money judgment is an original action requiring service of citation.

Under former sections 3.70–3.74 of the family code, a motion for reduction to money judgment, though worded as a motion, was treated as an original action. Former section 3.70(b) provided that:

> Except as otherwise provided in this code, a motion to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit. Each party whose rights

privileges, duties, or powers may be affected by the motion is entitled to receive notice by citation and shall be commanded to appear by filing a written answer. . . .

*See* Act of May 6, 1983, 68th Leg., R.S., ch. 424, § 2, sec. 3.70, 1983 Tex. Gen. Laws 2352 (amended 1997) (current version at Tex. Fam.Code Ann. § 9.001 (Vernon 1998)). Section 3.74 fell under subchapter D, entitled "Enforcement," and thus, was considered a motion to enforce. *See* Ka-zen's Practical Family Law Manual §§ 3.500–3.504 (Barbara Ann Kazen ed., 1996) (listing various motions to enforce under Subchapter D, including a money judgment under section 3.74). Because a motion for reduction to money judgment was a motion to enforce, and section 3.74 did not provide to the contrary, it was governed by the rules of civil procedure applicable to the filing of an original lawsuit, and not those governing the filing of a motion. *See* Act of May 6, 1983, 68th Leg., R.S., ch. 424, § 2, sec. 3.70(b), 1983 Tex. Gen. Laws 2352 (amended 1997) (current version at Tex. Fam.Code Ann. § 9.001(b),(c) (Vernon 1998)). In addition, it required notice by citation for each party whose rights were affected by the motion. *See id.*

Further supporting the notion that a motion for reduction to money judgment is an original action requiring citation under former section 3.74, the First Court of Appeals has held that a judgment in a motion for reduction to money judgment under section 3.74 is a separate suit for damages arising from failure to comply with the divorce decree. *See Hesser v. Hesser*, 842 S.W.2d 759, 764 (Tex.App.— Houston [1st Dist.] 1992, writ denied). In *Hesser*, the court arrived at this conclusion despite the fact that the motion was filed under the same cause number as the divorce decree. Notably, the legislature has elsewhere referred to an original action as

---

**2.** The order states that the motion was heard on June 26, 1998, the same day appellee filed her motion. However, there is no reporter's record of the hearing, nor any indication of such a hearing in the docket sheet.

a motion in the family code. *See McEntire v. McEntire*, 706 S.W.2d 347, 348–49 (Tex.App.—San Antonio 1986, writ dism'd) (noting motions to enforce and motions to clarify a divorce decree require citation "as provided for in an original suit"); *see also Hudson v. Markum*, 931 S.W.2d 336, 337–38 (Tex.App.—Dallas 1996, no writ) (explaining that the legislature intended trial courts to treat motions to modify child support orders as original lawsuits). Thus, we conclude under former section 3.74, a motion for reduction to money judgment is an original proceeding requiring service of citation.

■ Likewise, under present section 9.010 of the family code, a motion for reduction to money judgment is an original proceeding requiring service of process. Section 9.001(b),(c), which is part of the same subchapter (entitled, "Suit to Enforce Decree") as section 9.010, provides:

> (b) Except as otherwise provided in this chapter, a suit to enforce shall be governed by the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit.

> (c) A party whose rights, duties, powers, or liabilities may be affected by the suit to enforce is entitled to receive notice by citation and shall be commanded to appear by filing a written answer. Thereafter, the proceedings shall be as in civil cases generally.

Tex. Fam.Code Ann. § 9.001(b),(c) (Vernon 1998). Notably, section 9.010 does not specify it is not governed by the rules of civil procedure. Accordingly, pursuant to section 9.001(b), the rules which govern a motion for reduction to money judgment are the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit, and not the rules which apply to the filing of a motion (i.e., rules 21 and 21a). Furthermore, any party affected by the motion is entitled to notice by citation. *See* Tex. Fam.Code Ann. § 9.001(c) (Vernon 1998).

■ Because the motion for reduction to money judgment is a separate action, the trial court's judgment in this case, rendered in the absence of an answer or an appearance, is a default judgment. A default judgment is improper against a defendant who has not been served in strict compliance with the law. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Regalado v. State*, 934 S.W.2d 852, 853 (Tex.App.—Corpus Christi 1996, no writ). Judgment cannot be rendered against the defendant unless the defendant has been served with process, accepted or waived service, or entered an appearance. *See* Tex.R. Civ. P. 124; *Werner v. Colwell*, 909 S.W.2d 866, 869–70 (Tex.1995). Service of process is accomplished by delivering a copy of the citation, with a copy of the petition attached, to the defendant in person. *See* Tex.R. Civ. P. 106(a)(1). Rule 107 of the Texas Rules of Civil Procedure provides that no default judgment can be granted in any cause until the citation has been on file with the clerk of the court for ten days. *See* Tex.R. Civ. P. 107.

■ There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985); *Martinez v. Wilber*, 810 S.W.2d 461, 463 (Tex.App.—San Antonio 1991, writ denied). On direct appeal from a default judgment, the record must affirmatively show that the trial court had personal jurisdiction over the defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 97 (Tex.1973); *NBS Southern, Inc.* v. *Mail Box, Inc.*, 772 S.W.2d 470, 471 (Tex.App.—Dallas 1989, writ denied).

In the present case, the record contains no indication of service by citation. The docket sheet reflects no citation was ever issued, served, or returned for filing with the court. The only indication of any notice to appellant is a "Certificate of Service" in the motion, which was signed by counsel, and states, "[t]his will certify that

a copy of the above and foregoing has been mailed to Respondent at his last known address on this 26 day of June, 1998." This notice does not comply with the citation requirements set forth in the Texas Rules of Civil Procedure. Therefore, the default judgment is not supported by proper service of process.

 A default judgment that is based on improper service is void. *See Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 247 (Tex.App.—Corpus Christi 1996, no writ); *Strawder v. Thomas*, 846 S.W.2d 51, 62 (Tex.App.—Corpus Christi 1992, no writ); *Nueces Housing v. M & M Resources*, 806 S.W.2d 948, 950–51 (Tex. App.—Corpus Christi 1991, writ denied); *see also* 4 TEX. JUR. 3d Appellate Review § 102 (1999) (noting that "entry of a default judgment against a defendant whom the record shows was not served" is a jurisdictional defect which is fundamental error).

Accordingly, the default judgment in this case is void. We sustain appellant's issue. The judgment of the trial court is REVERSED and REMANDED. By attacking the judgment, appellant has submitted himself to the jurisdiction of the district court. *See Calvert v. Calvert*, 801 S.W.2d 217, 220 (Tex.App.—Fort Worth 1990, no writ); *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Therefore, upon remand, appellant is presumed to have entered his appearance, and no new citation is required to be issued or served. *See* TEX.R. CIV. P. 123.