

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-23-00493-CV

───────────────────────

F.H., Appellant

V.

F.H., Appellee

─────────────────────────────────────────────

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-573642-15

─────────────────────────────────────────────

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

This appeal arises from a post-decree enforcement action in a divorce case. In six issues, Appellant F.C.H. (Wife) argues that the trial court erred by granting Appellee F.H. (Husband) summary judgment, dismissing Wife's claims with prejudice, awarding Husband attorney's fees as a sanction, and denying Wife's motions for continuance and reconsideration. We will affirm.

## I. BACKGROUND

Husband and Wife were divorced in November 2017. Under the divorce decree, Wife was awarded the marital residence. At the time of the divorce, the home was encumbered by a mortgage securing a home-equity line of credit (HELOC)[1] from BBVA Compass Bank (now PNC Bank). The decree provided that Husband was to pay $100,000 of the HELOC balance by November 1, 2019; that Wife was responsible for paying the remaining $30,163; and that both parties were enjoined from incurring any further debt on the HELOC account.

In early 2019, Wife learned that despite the language in the divorce decree enjoining the parties from incurring any further debt on the HELOC account and despite her having already paid her allotted $30,163 share of the HELOC debt in September 2018, the account balance had increased significantly.

---

[1]Apparently, the debt owed to Compass Bank was actually a home-equity loan, but it was erroneously described as a HELOC in the divorce decree. Because the parties have consistently referred to this debt as a HELOC both in the trial court and in their appellate briefing, we will also refer to it as a HELOC.

Ultimately, Wife decided to sell the home. The sale closed in February 2019—nearly nine months before Husband's deadline to pay his share of the HELOC debt. Compass received $161,841.42 of the sale proceeds in satisfaction of the HELOC account.

In February 2023, Wife filed a "Motion for Money Judgment on Indemnification" in the divorce case.[2] In this motion, Wife claimed that she was entitled to a money judgment against Husband in the amount of $161,841.42 because she had "accidentally paid off" his share of the HELOC debt "'early' when she sold the house."

In May 2023, Husband moved for summary judgment and sanctions on the grounds that the trial court lacked jurisdiction over Wife's cause of action because it did not fall within the scope of Chapter 9 of the Family Code and that even if it did fall within Chapter 9's scope, it would be barred by limitations. In accordance with the trial court's instructions, all supplemental and responsive briefing regarding Husband's summary judgment motion was completed by July 2023.

After considering the parties' briefing and the summary judgment evidence, the trial court scheduled a conference on September 29, 2023, to deliver its decision on

---

[2]Wife filed her original motion on February 10, 2023, and a first amended motion on February 13, 2023. She filed a second amended motion in September 2023, but Husband filed a motion to strike, and the trial court ultimately ruled that Wife's second amended motion "w[as] not timely presented" and denied all relief requested therein.

3

Husband's motions for summary judgment and sanctions. On the day that the conference was scheduled, Wife filed a motion for continuance requesting that the trial court delay ruling on Husband's motions because she had recently received bank records pertaining to the HELOC from Compass. The trial court denied Wife's motion for continuance and granted Husband's motions for summary judgment and sanctions. Wife filed a motion for new trial and a motion to reconsider, both of which were denied. This appeal followed.

## II. DISCUSSION

As noted, Wife raises six issues on appeal. But these issues are interrelated and can be distilled down to two dispositive questions: (1) whether Wife pleaded a valid Chapter 9 cause of action and (2) whether the trial court abused its discretion by awarding Husband attorney's fees and sanctions. These dispositive questions will guide our analysis.

### A. We Set Forth the Applicable Standards of Review

#### 1. Summary Judgment

We review a traditional summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any

4

doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue. *Van v. Peña*, 990 S.W.2d 751, 753 (Tex. 1999).

**2. Sanctions Awards and Denials of Motions for Reconsideration and Continuance**

We review a trial court's decision to impose sanctions, to deny a motion to reconsider a summary judgment ruling, or to deny a motion for continuance under an abuse of discretion standard. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (reviewing imposition of sanctions for abuse of discretion); *Miller v. Walker*, 582 S.W.3d 300, 308 (Tex. App.—Fort Worth 2018, no pet.) (same); *Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (reviewing trial court's denials of appellants' motion to reconsider summary judgment and motion for continuance for abuse of discretion). A trial court abuses its discretion when it makes a decision without reference to any guiding rules or principles. *Mullins*, 498 S.W.3d at 705 (citing *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999)).

**B. Wife Did Not Plead a Valid Chapter 9 Cause of Action**

Because Wife's post-decree motion for money judgment sought relief beyond the scope of Chapter 9 of the Texas Family Code, the trial court did not err by granting Husband's summary judgment motion and dismissing Wife's claims with prejudice.

After a trial court's plenary power over a final divorce decree expires, it retains limited jurisdiction for the specific purposes prescribed in Chapter 9 of the Family Code. *See DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.). That chapter allows "[a] party affected by a decree of divorce . . . providing for a division of property" to "request enforcement of that decree by filing a suit to enforce . . . in the court that rendered the decree." Tex. Fam. Code Ann. § 9.001(a). As the Texas Supreme Court has explained, Chapter 9's "obvious purpose" is "to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees." *Brown v. Fullenweider*, 52 S.W.3d 169, 170–71 (Tex. 2001) (per curiam). Thus, under Chapter 9, a court may "render further orders to enforce . . . or to clarify" a divorce decree's property division, but it may not "amend, modify, alter, or change the division of property made or approved in the decree of divorce." Tex. Fam. Code Ann. §§ 9.006(a), 9.007(a).

Here, Wife sought relief under Family Code Section 9.010, which provides, in pertinent part, as follows:

(a) If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply.

(b) If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

*Id.* § 9.010(a)–(b). Thus, under Section 9.010's plain language, it applies only if a party (1) "fails to comply" with a divorce decree or (2) "did not receive payments of money as awarded" in a divorce decree. *See id.*; *see also Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (instructing that when construing a statute, courts must "look to the statute's plain language" and interpret its unambiguous language "according to its plain meaning"). But Wife cannot show that either of these prerequisites is satisfied in the present case.

First, Wife's motion was not based on Husband's failure to comply with the divorce decree. *See* Tex. Fam. Code Ann. § 9.010(a). Under the decree, Husband was required to pay "[t]he amount of $100,000 of the balance owed by the community, plus interest thereon, on the BBVA Compass HELOC account . . . by November 1, 2019." But because Wife elected to sell the marital residence in February 2019 and the HELOC balance was paid in full from the sale proceeds, there was no "balance owed by the community" on the HELOC account when Husband's November 1,

7

2019 payment deadline arrived.[3]  It would defy logic and common sense to conclude that Husband failed to comply with the decree by neglecting to make a payment on a debt that no longer existed.[4]

Second, Wife does not allege that she "did not receive payments of money as awarded" in the divorce decree.  *See id.* § 9.010(b).  Rather, she seeks reimbursement for the payment of a debt that she purportedly made on Husband's behalf.

---

[3]The fact that Wife paid off the HELOC debt well before Husband's November 1, 2019 payment deadline distinguishes this case from *In re Marriage of Kerr*, No. 14-08-00529-CV, 2009 WL 3000977 (Tex. App.—Houston [14th Dist.] Sept. 22, 2009, no pet.) (mem. op.), a case cited by Wife in her reply brief.  In *Kerr*, the court of appeals affirmed a $22,000 judgment awarded to a wife to reimburse her for paying a credit card debt that her husband had failed to pay as ordered in the divorce decree.  *Id.* at *1–3.  Because—unlike the present case—*Kerr* involved a situation in which the husband had undisputedly failed to comply with the divorce decree by neglecting to pay a debt as ordered, it does not support Wife's argument that her motion falls within Chapter 9's scope.  *See* Tex. Fam. Code Ann. § 9.010(a).

[4]In her appellate briefing, Wife asserts that the bank statements produced by Compass in response to her subpoena show that Husband withdrew funds on the HELOC account in violation of the divorce decree's injunction.  But this purported violation was not the basis for Wife's Section 9.010 claim.  Although Wife referenced the fact that "[t]he decree stated that neither party was to incur any further debt on the . . . HELOC account" in her first amended motion, she never actually alleged that Husband had violated the decree's injunction, nor did she seek relief on that basis.  Rather she based her claim on the divorce decree's indemnification provision and Husband's duty to make the $100,000 payment on the HELOC account.  In her second amended motion, Wife at least questioned whether Husband had "take[n] an impermissible draw" on the HELOC account, but the trial court ruled that this pleading—which was filed on the same day that the trial court advised the parties via email that it was ready to rule on Husband's summary judgment motion—was untimely.  *See supra* note 2.  Further, as discussed more fully below, Wife fails to cite to specific evidence in the record to support her contention that Husband made impermissible draws on the HELOC account.  *See infra* Section II.C. & note 8.

As Husband points out, Wife's claim is—in substance—one for unjust enrichment and equitable subrogation, not the enforcement of a right to receive money or property under the divorce decree. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."); *see also Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) (stressing that courts should acknowledge the substance of the relief sought despite the formal styling of the pleading); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."). The equitable-subordination doctrine serves to prevent unjust enrichment "when one person confers upon another a benefit that is not required by legal duty or contract." *Smart v. Tower Land & Inv. Co.*, 597 S.W.2d 333, 337 (Tex. 1980). Under this doctrine, a third party who pays a debt on behalf of a debtor may—under certain circumstances—be subrogated to the creditor's rights to collect the discharged debt. *See Hulen v. Hamilton*, No. 2-06-288-CV, 2008 WL 553812, at *3 (Tex. App.—Fort Worth, Feb. 28, 2008, no pet.) (mem. op.) (first citing *First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993); and then citing *Smart*, 597 S.W.2d at 337). "The doctrine allows a person, not acting voluntarily, who pays [a] debt owed by another, to seek repayment from the person who in equity and good conscience should repay it." *Id.* (citing *Matagorda Cnty. v. Tex. Ass'n of Counties Cnty.*

9

*Gov't Risk Mgmt. Pool*, 975 S.W.2d 782, 785 (Tex. App.—Corpus Christi–Edinburg 1998), *aff'd*, 52 S.W.3d 128 (Tex. 2000)).

Here, Wife does not seek to enforce the divorce decree or to reduce any of the decree's awards to a money judgment.[5] *See* Tex. Fam. Code Ann. § 9.010(a)–(b). Rather, having paid the HELOC debt, she seeks repayment from Husband who—in Wife's view—in equity and good conscience should repay it. *See Hulen*, 2008 WL 553812, at *3. Because nothing in the divorce decree required Husband to reimburse Wife for her payment of a community debt owed to a third party, Wife's cause of action does not fall within Section 9.010's parameters.[6] Indeed, Wife's own pleadings

---

[5]Because Wife does not seek to collect money or property that was awarded directly to her in the divorce decree, the primary cases on which she relies to show that her claim fits within Chapter 9's scope are inapposite. *See generally Gomez v. Gomez*, 632 S.W.3d 4 (Tex. App.—El Paso 2020, no pet.); *Ackerly v. Ackerly*, 13 S.W.3d 454 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *Jenkins v. Jenkins*, 991 S.W.2d 440 (Tex. App.—Fort Worth 1999, pet. denied); *Arnold v. Eaton*, 910 S.W.2d 181 (Tex. App.—Eastland 1995, no writ); *Bowden v. Knowlton*, 734 S.W.2d 206 (Tex. App.—Houston [1st Dist.] 1987, no writ). *Ackerly*, *Jenkins*, *Arnold*, and *Bowden* all involved disputes that arose when one spouse failed to make required payments directly to the other spouse. *See Ackerly*, 13 S.W.3d at 455; *Jenkins*, 991 S.W.2d at 445; *Arnold*, 910 S.W.2d at 182–83; *Bowden*, 734 S.W.2d at 207. And in *Gomez*, the wife sought relief after she discovered that two retirement accounts in which she was awarded fifty-percent interests had been drained by her husband during the divorce in violation of a court order. *See Gomez*, 632 S.W.3d at 7. Thus, none of these cases supports Wife's contention that her cause of action seeking reimbursement for the payment of a debt to a third party falls within the parameters of Chapter 9.

[6]Although the divorce decree contains an indemnification provision, it requires indemnification only "if any claim, action, or proceeding is . . . initiated seeking to hold the party not assuming a debt . . . liable for such debt." Because the record does not reflect that Compass or anyone else initiated a "claim, action, or proceeding" against Wife to collect the HELOC debt, the decree's indemnification provision was

10

acknowledged that all or a portion of the "money judgment" that she sought might need to come from Compass, a third party with no obligations under the divorce decree.

In sum, if Wife had wanted to compel Husband to reimburse her for paying off the HELOC debt, she could have invoked the equitable-subordination doctrine by filing a new lawsuit asserting an unjust enrichment cause of action. *See Hulen*, 2008 WL 553812 at *3; *cf. Kim v. Kim*, No. 13-18-00269-CV, 2020 WL 1060577, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 5, 2020, no pet.) (mem. op.) (holding that trial court had jurisdiction over common law fraud lawsuit arising from a divorce case even though it had not rendered the divorce decree). Instead, she attempted to fit the round peg of her unjust enrichment claim into the square hole of Family Code Section 9.010. Because Wife sought relief beyond Chapter 9's scope, the trial court, lacking subject matter jurisdiction, did not err by granting Husband's summary judgment motion and dismissing Wife's claims. *See Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 210 (Tex. App.—Houston [14th] Dist. 2014, pet. denied) ("The absence of subject matter jurisdiction may be raised by a motion for summary judgment." (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000))).

---

never triggered. Indeed, in her appellate briefing, Wife—distinguishing between contractual and common law indemnity—seemingly concedes that her cause of action did not arise under the decree's indemnification provision.

Accordingly, we overrule Wife's second, fourth,[7] fifth, and sixth issues. Having

determined that the trial court did not err by granting Husband's summary judgment

motion on the basis that Wife failed to plead a valid Chapter 9 cause of action, we

need not—and therefore do not—address Wife's first issue challenging the trial

court's determination that Wife's claims were barred by limitations. *See* Tex. R. App.

P. 47.1.

## C. The Trial Court Did Not Abuse its Discretion by Awarding Husband Attorney's Fees

In her third issue, Wife contends that the trial court abused its discretion by

awarding Husband attorney's fees because "nothing in . . . Chapter 9" supports this

award. But as Wife acknowledges, Husband did not seek attorney's fees under

Chapter 9; rather, he sought them as a sanction under applicable provisions of the

Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure. *See*

Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–.002; Tex. R. Civ. P. 13. Similarly, the

---

[7]In her fourth issue, Wife challenges the trial court's denial of her motion to continue the hearing on Husband's summary judgment motion. Because the requested continuance would not have changed the fact that Wife's cause of action was beyond Chapter 9's scope, Wife cannot show that she was harmed by the continuance's denial. *See Pajooh v. Miller*, No. 01-16-00927-CV, 2018 WL 3233466, at *3 (Tex. App.—Houston [1st Dist.] July 3, 2018, no pet.) (mem. op. on reh'g) ("Even if a trial court abused its discretion by denying a motion for continuance, the complaining party must demonstrate that he was harmed by the trial court's denial of the motion in order to obtain appellate relief." (citing *Pollitt v. Comput. Comforts, Inc.*, No. 01-13-00785-CV, 2014 WL 7474073, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.))). Accordingly, we overrule this issue.

12

trial court did not invoke Chapter 9 in its orders granting Husband's motion for sanctions and awarding him attorney's fees.

Wife also argues that Husband was not entitled to attorney's fees because he purportedly "continued to withdraw funds from the HELOC in violation of the decree." But Wife does not cite to anything in the record to support her allegation that Husband violated the decree in this manner,[8] nor does she cite any authority showing how this allegation—even if true—supports her argument that the trial court abused its discretion by awarding Husband attorney's fees. *See* Tex. R. App. P. 38.1(i) (directing that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Having determined that Wife failed to plead a valid Chapter 9 cause of action and having reviewed the entire record, we cannot conclude that the trial court abused its discretion by (1) determining that Wife's pleading was frivolous, (2) granting

---

[8]In a separate section of her brief, Wife generally cites to the bank statements that Compass produced in response to her subpoena—which number over 150 pages—to support her allegation that Husband withdrew funds from the HELOC in violation of the divorce decree. But she fails to point to any specific statements (much less line items) or to explain exactly how such statements support her allegation. Further, the trial court determined that these bank statements, which were attached as an exhibit to Wife's motion to reconsider, were not timely presented and thus did not consider them in deciding Husband's summary judgment motion. *See Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *9 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.) (declining to consider material on appeal because it "was not before the trial court when it ruled on the motion for summary judgment" (citing *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex. 1984) (per curiam))).

13

Husband's motion for sanctions, and (3) awarding him attorney's fees. *See Low*, 221 S.W.3d at 614; *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–.002. Accordingly, we overrule Wife's third issue.

### III. CONCLUSION

Having overruled Wife's dispositive issues, we affirm the trial court's orders.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: November 7, 2024