**Opinion issued July 12, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00152-CV

———————————

**DONALD B. MULLINS AND BLUE SKY
RIGHT OF WAY, L.L.C., Appellants**

**V.**

**MARTINEZ R.O.W., LLC F/K/A
MARTINEZ INVESTMENTS, Appellee**

---

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 79750-CV**

---

## O P I N I O N

In this appeal from the trial court's summary judgment in an indemnity dispute between two jobsite contractors, we decide whether a certificate of insurance verifying coverage evidences the policyholder's written agreement to indemnify the

bearer of the certificate, as the Texas Labor Code requires for an indemnity to be enforceable in these circumstances. We agree with the trial court that it does not and therefore affirm.

## BACKGROUND

Donald Mullins owns Blue Sky Right of Way, L.L.C. In the summer of 2010, Blue Sky acquired a contract to clear land and trim trees along a right of way in Brazoria County. Blue Sky in turn orally subcontracted with Martinez R.O.W. L.L.C. to secure labor to perform brush-clearing and other work on the ground while Blue Sky performed the aerial tree trimming. This oral agreement was made between the companies' respective owners, Mullins and Jesse Martinez.

Martinez R.O.W. was insured under a Texas workers' compensation policy and also carried general liability insurance. Prior to performing the work, Martinez R.O.W. provided Blue Sky with a "Certificate of Liability Insurance," which verified that Martinez R.O.W. carried insurance, and noted the names of three insurers "affording coverage" to Martinez R.O.W.

While working on the clearing project, Bonifacio Gomez, an employee of Martinez R.O.W., sustained personal injuries when an overhead tree limb fell on him. He sued Mullins individually for negligence, as well as two other contractors who were later dismissed from the suit, but not before one of the contractors had designated Martinez R.O.W. as a responsible third party.

2

Mullins then brought a third-party action against Martinez R.O.W., seeking indemnity for the claims that Gomez has asserted against Mullins arising as a result of the services Blue Sky performed at the jobsite, including the supervision of its employees.

Martinez R.O.W. moved for summary judgment against Mullins's indemnity claim, contending that (1) no evidence raised a fact issue that a written agreement of indemnity, as required under section 417.004 of the Texas Labor Code, existed between Blue Sky and Martinez R.O.W. before Gomez's injury occurred; and (2) because no written agreement existed, Martinez R.O.W. had no duty to indemnify Blue Sky as a matter of law. The trial court granted summary judgment. The trial court then denied Mullins and Blue Sky's post-ruling motions to amend their petition against Martinez R.O.W. to plead a claim that Martinez R.O.W. owed Blue Sky and Mullins indemnity because Martinez R.O.W. had committed gross negligence; to supplement the summary-judgment record; and for a new trial. The trial court severed the summary-judgment indemnity proceedings from the underlying personal injury claims, making it a final summary judgment.

## DISCUSSION

### I. Indemnity under the Texas Labor Code

Mullins and Blue Sky contend on appeal that the trial court erred in granting summary judgment because they adduced evidence of a written agreement between the parties, in which Martinez R.O.W. assumed liability for any suit brought by one of its workers against either Mullins or Blue Sky.

### A. Standard of Review

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). We consider the summary-judgment evidence in the light most favorable to the nonmovant. *Fielding*, 289 S.W.3d at 848. We indulge every reasonable inference in the nonmovant's favor. *Samuel*, 434 S.W.3d at 233 (first citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); and then citing *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)).

After an adequate time for discovery, a party may move for a no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim or defense on which the adverse party bears the burden of proof at trial. *Tejada v. Gernale*, 363 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.]

4

2011, no pet.) (citing TEX. R. CIV. P. 166a(i)). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence to raise a genuine issue of material fact on each element specified in the motion. *Id.*; *see Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) ("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'") (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

## B. Analysis

Section 417.004 of the Texas Labor Code governs indemnity agreements when the employee of a covered 'workers' compensation employer sues for injuries sustained on the job. It provides:

> In an action for damages brought by an injured employee . . . against a third party liable to pay damages for the injury . . . under this chapter that results in a judgment against the third party or a settlement by the third party, the employer is not liable to the third party for reimbursement or damages based on the judgment or settlement unless the employer executed, before the injury . . . occurred, a written agreement with the third party to assume the liability.

TEX. LAB. CODE ANN. § 417.004 (West 2015).

Mullins and Blue Sky do not dispute that Martinez R.O.W. is a workers' compensation subscriber and that Section 417.004 applies. Thus, to prevail on their claim seeking indemnification, Mullins and Blue Sky must prove that a written

5

contract of indemnity exists in which Martinez R.O.W. assumed liability for reimbursement or damages arising out of any judgment or settlement in the underlying personal injury case.

### 1. Existence of written contract

The normal rules of contract construction apply to written indemnity agreements. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). Like other contracts, a written indemnity agreement may consist of more than one document. *See In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 885 (Tex. 2010) (quoting *In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex. 2010)).

Mullins admitted in his deposition that he and Martinez R.O.W. had no written contract:

Q. You would agree with me that written contracts in your business, like the one that you've signed here [with Southern Brush SW, Inc.], are a good business practice because it outlines what everybody's duties are?

A. Yes, sir.

Q. And you did not do that with Martinez?

A. I did not.

Q. Could have?

A. Could have.

Q. But you chose not to?

A. Yes, sir.

Mullins and Blue Sky nevertheless point to the certificate of liability insurance furnished by Martinez R.O.W. and the underlying commercial general liability policy it references as evidence raising a fact issue on the existence of an indemnity agreement. The certificate, however, merely verifies that Martinez R.O.W. carries insurance; it does not purport to confer a right of indemnity to the certificate holder. It states: "This is to certify that the policies of insurance listed below have been issued to the insured named above [Martinez R.O.W.] for the policy period . . . ." It further disclaims that it is any evidence of an agreement with the certificate holder:

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder [Blue Sky]. This certificate does not affirmatively or negatively amend, extend or alter the coverage afforded by the policies below. This certificate of insurance does not constitute a contract between the issuing insurers, authorized representative or producer, and the certificate holder.

Because the certificate does not purport to memorialize any indemnity obligation with the certificate holder, it cannot be evidence of an indemnity agreement between Blue Sky and Martinez R.O.W.

Turning to the policies of insurance that are part of the summary-judgment record, Mullins and Blue Sky refer to provisions insuring Martinez R.O.W. against damages for bodily injury claims, and defining coverage for contractual indemnification. But these provisions do not identify Mullins or Blue Sky. They apply to an "insured," a designation which, in this policy, belongs to Martinez R.O.W., its members when acting as Martinez R.O.W.'s agents, and its managers.

7

Neither Mullins nor Blue Sky is identified as a named insured anywhere in the policy. As a result, the policy does not afford coverage to Mullins or Blue Sky in Gomez's lawsuit against them; nor does it evidence an agreement that Martinez R.O.W. would indemnify them.

Mullins and Blue Sky further claim that written evidence that Blue Sky performed work pursuant to the parties' oral agreement and was later paid for that work sufficiently demonstrates the existence of an agreement to indemnify. Mullins and Blue Sky presumably refer to the exception to the statute of frauds under which a parol agreement otherwise subject to the requirement that it be in writing may be enforced in equity if denial of enforcement would amount to a virtual fraud. *See Sewing v. Bowman*, 371 S.W.3d 321, 346–47 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (quoting *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied)). Chapter 417 of the Labor Code, however, has no exception based on fraud, and we decline any invitation to read a common-law exception into the statutory scheme. Because Martinez R.O.W. is a subscriber under the workers' compensation statute, its employees are prohibited from seeking common-law remedies against it for personal injuries sustained in the course and scope of employment. *See HCBeck, Ltd. v. Rice*, 384 S.W.3d 349, 356 (Tex. 2009) (quoting *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 142 (Tex. 2003)).

## 2. Gross negligence

The Texas Labor Code creates an exception from that prohibition for certain claims against a subscribing employer based on gross negligence. *See* TEX. LABOR CODE ANN. § 408.001 (West 2015). Mullins and Blue Sky contend that the gross negligence exception should be extended, in circumstances like those present here, to allow a third party to seek contribution or indemnity from the employer.

Martinez R.O.W. relies on *Fairfield Insurance Co. v. Stephens Martin Paving, L.P.*, 246 S.W.3d 653 (Tex. 2008), in contending that the gross negligence exception should apply here. In that case, the Supreme Court of Texas answered a certified question from the Fifth Circuit asking whether Texas public policy prohibited a liability insurance provider from indemnifying an award for punitive damages on its insured because of gross negligence. *Id.* at 654 (citing *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 381 F.3d 435, 437 (5th Cir. 2004)). The Supreme Court concluded that such coverage was not against public policy and indemnification was available under the Fairfield policy for the punitive damages award. *Id.* at 670.

*Fairfield* is inapposite to the circumstances in this case. Gomez's petition does not allege a gross negligence claim against Martinez R.O.W. And, even if it did, the Labor Code does not exempt a third party from the requirement that any indemnification agreement be in writing to be enforceable against a subscribing employer. By requiring that indemnity agreements between employers and third

9

parties be made in writing, the Legislature took care to ensure that an employer evinced an intent to assume that additional responsibility. We decline to expand the carefully drawn statutory scheme to create a new source of employer liability.

### 3. Responsible third party designation

Mullins and Blue Sky also invoke Chapter 33 of the Texas Civil Practice and Remedies Code in support of their gross negligence argument, contending that, as a "responsible third party," Martinez R.O.W. can be held liable in gross negligence as "a defendant against whom a judgment can be entered for at least a portion of the damages awarded to the claimant." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (West 2015). Based on that designation, Mullins and Blue Sky claim, Martinez R.O.W. can be required to indemnify Mullins and Blue Sky to the extent of Martinez R.O.W.'s proportionate responsibility for injuries to Gomez that were caused by Martinez's gross negligence. We disagree.

Chapter 33 defines a "responsible third party" as "any person who is *alleged* to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (emphasis added). The mere designation of a person as a responsible third party does not impose liability on that person, nor does it provide

10

a basis for imposing liability on that person in another proceeding. *Id.* § 33.004(i); *City of El Paso v. Collins*, 440 S.W.3d 879, 882 (Tex. App.—El Paso 2013, no pet.). As a result, the designation of Martinez R.O.W. as a responsible third party in Gomez's suit does not provide a basis for imposing on it a duty to indemnify Mullins and Blue Sky.

## II.    Post Summary-Judgment Rulings

The abuse-of-discretion standard applies to our review of a motion to reconsider a prior summary judgment based on new evidence, *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, no pet.); the denial of a motion for continuance, *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); the denial of a motion for leave to amend pleadings, *see Tex-Air Helicopters, Inc. v. Galveston Cty. Appraisal Rev. Bd.*, 76 S.W.3d 575, 581 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); and the denial of a motion for new trial, *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion only when it makes a decision without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). Further, we may not reverse a lower court's judgment unless we conclude that the complained-of error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. TEX. R. APP. P. 44.1(a).

The proposed amended pleadings, the proposed supplemental evidence, and the arguments made in the post-summary-judgment briefing do not contain any new material facts or raise any issues beyond those we have considered in determining the merit of the trial court's summary judgment. Accordingly, we hold that Mullins and Blue Sky have not shown that the trial court reversibly erred in refusing these various requests.

## CONCLUSION

We hold that a certificate of insurance verifying the existence of liability coverage does not evidence an agreement to indemnify the certificate holder for claims brought by an insured's employee against the holder. We further hold that Mullins and Blue Sky fail to raise a genuine issue of material fact based on any of the other asserted grounds for indemnification. Accordingly, we affirm the summary judgment of the trial court.


Jane Bland
Justice


Panel consists of Justices Bland, Brown, and Lloyd.