Opinion issued May 16, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00106-CV

————————————

**EDWARD FOUSSADIER, Appellant**

**V.**

**TRIPLE B SERVICES, LLP, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-03307A**

---

## MEMORANDUM OPINION

Appellant Edward Foussadier sued Triple B Services and the Texas Department of Transportation after he was injured in a bicycle accident on a public road. Foussadier alleged that Triple B's improperly performed roadwork caused a defect that, in turn, caused his accident. He alleged claims for negligence and breach

of implied warranty against Triple B. The trial court granted a take-nothing no-evidence summary judgment in favor of Triple B, and it denied Foussadier's motion to reconsider the interlocutory summary judgment. The trial court severed the claims against Triple B, making the summary judgment final.

On appeal, Foussadier raises two issues. He contends that the trial court erred by granting the no-evidence summary judgment because an adequate time for discovery had not passed. He also contends that the trial court erred by denying his motion for reconsideration because he filed additional evidence that created a fact question.

We affirm.

### Background

The Texas Department of Transportation maintains FM 2978 between Hufsmith Road and Bogs Road in Hufsmith, which is northeast of Tomball, Texas. Between 2012 and 2014, Triple B Services performed roadwork on FM 2978 between Hufsmith Road and Bogs Road under contract with the Department. About a year after Triple B completed its work, Foussadier, an avid cyclist who was training for a charity cycling event, was riding on the same stretch of road where Triple B had worked when his wheel fell into a "gaping hole." Foussadier lost control and fell from his bicycle, breaking his collarbone.

In January 2016, Foussadier sued the Department for premises liability and Triple B for negligence, premises liability, and breach of the implied warranty of good and workmanlike performance of repair or modification services. He alleged that the defect that caused his accident "would not have existed but for Triple B's negligent roadwork."

In November 2017, Triple B moved for summary judgment on no-evidence grounds. It asserted that there was no evidence that it had caused the condition that allegedly caused Foussadier's injuries. Triple B asserted that there was no evidence that: (1) it had acted in a grossly negligent manner, with malice or bad faith; (2) it breached a legal duty owed to Foussadier that proximately caused his accident; and (3) it had created the alleged premises defect that caused Foussadier's injuries. Triple B further asserted that there was no evidence that: (1) its work was not performed in a good and workmanlike manner, (2) it warranted its work to Foussadier, or (3) Foussadier's injuries were caused by a breach of warranty.[1]

Foussadier responded with transcripts of his deposition taken on June 15, 2016 and October 17, 2017. He also attached the Department's answers to his second and third sets of interrogatories. Some of the interrogatory responses provided the

---

[1] Triple B also moved for summary judgment on traditional grounds, but because the trial court specifically granted only the no-evidence motion for summary judgment, we do not need to discuss the alternative traditional grounds for summary judgment. *See* TEX. R. APP. P. 47.1.

opinions of John Elam, a professional civil engineer. Elam acknowledged that he did not inspect the site of the accident and road defect. He opined that normal use would not have caused the defect one year after repairs. He asserted that the "[d]efect was caused by poor compaction of sub-grade, base and not following plans building a drainage ditch adjacent to the failed area." In other words, he opined that the defect was caused by Triple B's faulty work.

Triple B objected to Foussadier's summary judgment evidence on the grounds that Elam's expert opinion was speculative because Elam did not provide the factual basis for his conclusion. Triple B also objected to an errata sheet that was made after the motion for summary judgment was filed and that altered Foussadier's testimony about the open and obvious nature of the hole or crack in the road.

The trial court sustained Triple B's objections to Foussadier's deposition errata sheet and to Elam's opinion as reflected in the interrogatory responses. The court called Elam's opinions "the very definition of *ipse dixit* testimony" because there was "no support for his opinion."

Foussadier filed a motion for reconsideration seeking denial of Triple B's motion for summary judgment. The trial court denied the motion for reconsideration and severed the claims against Triple B. Foussadier appealed.

**Analysis**

Foussadier raised two issues on appeal. First, he challenged the granting of the no-evidence motion for summary judgment, arguing that there had not been an adequate time for discovery. Second, he challenged the trial court's denial of his motion for reconsideration, arguing that he had filed additional evidence, the Helmer Engineering expert report, which identified a fact issue. We review a trial court's ruling on a motion for summary judgment de novo. *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018).

## I. Foussadier waived his first issue by not seeking a continuance in the trial court.

Texas Rule of Civil Procedure 166a(i) provides that "after an adequate time for discovery," a party may move for summary judgment "without presenting summary judgment evidence" and "on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). Under Rule 166a(i), discovery need not be complete. *Madison v. Williamson*, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Rather, the adequacy of the time for discovery is evaluated based on the nature of the case, the litigation history, and the type of evidence needed to refute the summary judgment motion. *Id.* We review a trial court's determination

of whether there has been an adequate time for discovery under an abuse of discretion standard. *Id.*

"When a party argues it has not had an adequate opportunity for discovery before a no-evidence summary judgment hearing, that party must file an affidavit explaining the need for further discovery or a verified motion for continuance." *G.R. Auto Care v. NCI Grp., Inc.*, No. 01-17-00068-CV, 2018 WL 4087295, at *8 (Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (mem. op.) (citing TEX. R. CIV. P. 166a(g), and *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004)); *see* TEX. R. APP. P. 33.1 (to preserve error for appellate review, party must make complaint known to trial court). "The affidavit must demonstrate why the continuance is necessary; conclusory allegations are insufficient." *Id.*; *see Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (same).

Foussadier filed neither a verified motion for continuance nor an affidavit explaining why he needed additional time for discovery. He relies on his response to the motion to sever, which was filed after the trial court ruled on the summary judgment motion. In his response to Triple B's motion to sever, Foussadier stated that the discovery period allotted by the Texas Rules of Civil Procedure had not ended, but he did not explain why he needed additional time for discovery to respond to the motion for summary judgment.

6

In response to the motion for summary judgment, Foussadier did not identify what additional information he needed to respond to the motion or why he had not been able to obtain that information. He did not seek additional time to obtain the information. Absent the required showing of need for further discovery, we conclude that trial court did not abuse its discretion by implicitly determining that an adequate time for discovery had passed and ruling on the motion for summary judgment. *See G.R. Auto Care*, 2018 WL 4087295, at *8; *Madison*, 241 S.W.3d at 155.

We overrule Foussadier's first issue.[2]

## II. The trial court did not abuse its discretion by denying Foussadier's motion for reconsideration.

In his second issue, Foussadier argues that the trial court erred by denying his motion for reconsideration because the expert report that he filed with it raised a question of fact on causation. Nearly three weeks after the trial court granted a take-nothing summary judgment in favor of Triple B, Foussadier filed a motion for reconsideration in which he asked the court to set aside its prior order and deny Triple B's previously filed motion for summary judgment. The trial court denied the motion for reconsideration in an order that stated: "On this day, the Court considered Plaintiff's Motion for Reconsideration. After considering the motion, pleadings, the

---

[2] Foussadier is not entitled to rely on Triple B's motion for continuance. Triple B's motion did not explain why Foussadier needed additional time for discovery or identify what information he needed.

7

response, evidence and taking judicial notice of the case file, the Court DENIES the Motion for Reconsideration."

A motion for reconsideration of a prior summary judgment is like a motion for new trial, and we review a trial court's ruling on a motion for reconsideration for an abuse of discretion. *Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Chapman v. Mitsui Eng'g & Shipbuilding Co.*, 781 S.W.2d 312, 315 (Tex. App.—Houston [1st Dist.] 1989, writ denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *Martinez R.O.W.*, 498 S.W.3d at 705.

When the trial court granted the motion for summary judgment, it specifically sustained Triple B's objections to Foussadier's errata sheet and the opinion evidence of John Elam, a Department witness, whose opinions the court called "the very definition of *ipse dixit* testimony." Foussadier maintains that the expert report from Helmer Engineering cured the *ipse dixit* defects the court found in Elam's opinion. The court did not sustain Triple B's objection to Helmer's report. Foussadier argues that this demonstrates that the court considered the report. He further asserts that the report was more than a scintilla of evidence on the causation issue.

"After a court grants a summary judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary

8

judgment." *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When a motion for reconsideration of a summary judgment is filed, the trial court ordinarily may consider only the record as it existed when it first heard and ruled on the summary judgment motion. *NMRO Holdings, LLC v. Williams*, No. 01-16-00816-CV, 2017 WL 4782793, at *5 (Tex. App.—Houston [1st Dist.] Oct. 24, 2017, no pet.) (mem. op.); *see Chapman*, 781 S.W.2d at 315; *see also First Gibraltar Bank, FSB v. Farley*, 895 S.W.2d 425, 430 (Tex. App.—San Antonio 1995, writ denied) ("A trial court, when considering the motion for new trial, does not abuse its discretion by refusing to consider proof filed after the rendition of a summary judgment.").

"Summary judgment evidence may be filed late, but only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). "Except on leave of court," the nonmovant's summary judgment evidence must be filed and served at least seven days before the summary judgment hearing. TEX. R. CIV. P. 166a(c). "[T]he court has discretion to accept late-filed evidence, but it is not obliged to do so." *Barnett v. Veritas DGC Land Inc.*, No. 14-05-01074-CV, 2006 WL 2827379, at *5 (Tex. App.—Houston [14th Dist.] Oct. 5, 2006, pet. denied) (mem. op.) (court did not abuse its discretion by refusing to consider evidence attached to motion for reconsideration).

9

"A trial court may accept summary judgment evidence filed late, even after summary judgment, as long as the court affirmatively indicates in the record that it accepted or considered the evidence." *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 842–43 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Stephens v. Dolcefino*, 126 S.W.3d 120, 133–34 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). "Leave to late-file summary-judgment evidence may be reflected in a separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record." *Lesikar v. Moon*, No. 14-16-00299-CV, 2017 WL 4930851, at *11 (Tex. App.— Houston [14th Dist.] Oct. 31, 2017, no pet.) (mem. op.); *see Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("Where nothing appears in the record to indicate that late-filed summary judgment evidence was filed with leave of court, we presume that the trial court did not consider it.").

"In determining what constitutes sufficient 'affirmative evidence' to indicate that a trial court granted leave to file late pleadings or evidence, other Texas courts have looked to the record as a whole . . . ." *Wright v. Hernandez*, 469 S.W.3d 744, 755 (Tex. App.—El Paso 2015, no pet.). Courts of appeals have found that late-filed summary judgment evidence was considered by a trial court when: (1) the trial court stated on the record at the summary judgment hearing that the evidence was

considered or could be filed;[3] (2) an order granting summary judgment stated that it had considered the response;[4] and (3) the trial court granted permission to file a surreply.[5]

Courts of appeals have found that late filed summary judgment evidence was not considered by a trial court when: (1) an order expressly struck the evidence;[6] (2) the nonmovant relied on a docket entry as an affirmative indication of leave to late file evidence;[7] (3) the order denying the motion for reconsideration or new trial recited that the court considered the motions, pleadings, responses, and papers on file but did not expressly state that the court considered the late filed evidence.[8]

---

[3] *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex. App.—El Paso 2015, no pet.); *Lesikar v. Moon*, No. 14-16-00299-CV, 2017 WL 4930851, at *11 (Tex. App.—Houston [14th Dist.] Oct. 31, 2017, no pet.) (mem. op.); *Stephens v. Dolcefino*, 126 S.W.3d 120, 134 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 47 n.19 (Tex. App.–Fort Worth 2002, no pet.).

[4] *Adi v. Rapid Bail Bonding Co.*, No. 01-08-00290-CV, 2010 WL 547474, at *3 n.6 (Tex. App.—Houston [1st Dist.] Feb. 18, 2010, no pet.) (mem. op.).

[5] *Partin v. Superior Energy Servs., Inc.*, No. 01-17-00629-CV, 2018 WL 3849077, at *6 (Tex. App.—Houston [1st Dist.] Aug. 14, 2018, pet. filed) (mem. op.).

[6] *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 730 (Tex. App.—San Antonio 2014, pet. denied).

[7] *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Miller v. Kendall*, 804 S.W.2d 933, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("This rule results, in part, from the inherent unreliability of docket entries.")) .

[8] *NMRO Holdings, LLC v. Williams*, No. 01-16-00816-CV, 2017 WL 4782793, at *5 (Tex. App.—Houston [1st Dist.] Oct. 24, 2017, no pet.) (mem. op.); *Wakefield v. Ayers*, No. 01-14-00648-CV, 2016 WL 4536454, at *7 (Tex. App.—Houston [1st

11

In 2006, the Fourteenth Court of Appeals held that an order reciting that the trial court considered "other evidence" along with the motions, responses, and pleadings was an affirmative indication that it considered the late filed evidence.[9] Eight years later, the same court of appeals determined that an order stating that the trial court considered "the pleadings, the motion, affidavits, and *other evidence on file*" was *not* an affirmative indication that the trial court considered the late filed evidence because there was no order that expressly permitted the filing or consideration of the late filed summary judgment evidence.[10]

In this case, Foussadier attached new summary judgment evidence to his motion for reconsideration. The appellate record does not include a request for leave to late file summary judgment or an express ruling permitting the late filing of evidence, specifically the Helmer report.

## A. The trial court's failure to strike the Helmer report does not affirmatively indicate that it considered the report.

Foussadier argues that the court implicitly permitted the late filing of the report by declining to strike the report as requested by Triple B. Rule 166a(c)

---

Dist.] Aug. 30, 2016, no pet.) (mem. op.); *In re Estate of Alexander*, 250 S.W.3d 461, 467 (Tex. App.—Waco 2008, pet. denied).

[9] *Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

[10] *Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 155 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

requires the party who wants the court to consider late filed evidence to obtain an affirmative ruling permitting the late filing. *See* TEX. R. CIV. P. 166a(c); *Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 154–55 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The absence of a ruling expressly striking the evidence is not equivalent to permission to late file summary judgment evidence. *See Alphaville Ventures*, 429 S.W.3d at 155.

**B.      The Helmer report was not timely filed.**

In his amended reply brief, Foussadier asserts that the Helmer report was timely filed because it was on file for more than seven days before the hearing on the Motion for Reconsideration. But the Helmer report was not on file for more than seven days before the hearing on the motion for summary judgment, and a motion for reconsideration is akin to a motion for new trial not a motion for summary judgment. *See* TEX. R. CIV. P. 166a(c); *Mullins*, 498 S.W.3d at 705; *Chapman*, 781 S.W.2d at 315.

**C.      The order denying reconsideration did not affirmatively indicate that the trial court considered the Helmer report.**

Foussadier also asserted in his amended reply brief that the order denying reconsideration affirmatively indicates that the court considered the late filed Helmer report because the order recited that the court considered "evidence" and took "judicial notice of its case file." A trial court may take judicial notice of an adjudicative fact only when the fact "is generally known within the trial court's

13

territorial jurisdiction," or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(a), (b). The trial court could not have taken judicial notice of Helmer's opinion that Triple B's work was faulty and caused Foussadier's accident. *See id.*; *see also D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 445 n.20 (Tex. 2017).

The order does not expressly state that it considered the evidence attached to the motion for reconsideration or that it considered the Helmer report. The statement that it considered "evidence" is consistent with the rule that on motion for reconsideration, a court may consider only the record as it existed when the court first ruled on the motion for summary judgment. *See NMRO Holdings*, 2017 WL 4782793, at *5.

Moreover, a party is generally not entitled to rely on new evidence in a motion for rehearing, reconsideration, or new trial without showing that the evidence was newly discovered and could not have been discovered by the exercise of due diligence before the court ruled on the motion. *See Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (addressing the standard for a motion for new trial based on newly discovered evidence). In March 2017, Foussadier disclosed Helmer Engineering as a testifying witness on matters relating to his

14

claims. The record does not explain why the expert report attached to the motion for reconsideration could not have been discovered or obtained before the summary judgment hearing. (The report itself was dated January 25, 2018, more than two weeks after the summary judgment hearing.)

Based on the facts of this case, we conclude that the trial court's use of the word "evidence" was not an affirmative indication that it considered the Helmer report. *See NMRO Holdings*, 2017 WL 4782793, at \*5. Foussadier did not show that the trial court abused its discretion by denying the motion for reconsideration. *See id.*; *Macy*, 294 S.W.3d at 650–51.

We overrule Foussadier's second issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.