**Opinion issued August 3, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00031-CV

_____

**SAMUEL ABDO, Appellant**

**V.**

**RICHMOND STOP FOOD MART, HUSAM ENT. INC., AND MOHID ALMOHAMAD, Appellees**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-81085**

---

## MEMORANDUM OPINION

Appellant Samuel Abdo ("Abdo") appeals the no-evidence summary judgment granted by the trial court in favor of appellees Husam Ent. Inc. ("Husam")

and Mohid Almohamad ("Almohamad") (collectively, "appellees").[1] In three issues on appeal, Abdo contends (1) genuine issues of material fact precluded the summary judgment, (2) appellees improperly asserted pleading defects as a basis for summary judgment, and (3) the trial court abused its discretion by refusing to reconsider the summary judgment.

We affirm.

## Background

Abdo alleges that while visiting a business owned by appellees in May 2016, he was physically assaulted by an employee and sustained injuries.[2] Six months later, Abdo filed a personal-injury lawsuit and asserted claims for premises liability, negligence, and gross negligence against appellees. Specifically, Abdo asserted that appellees failed to warn of or make safe an unreasonably dangerous condition of their premises and were negligent in the hiring, training, and supervision of their employee.

---

[1] Although Richmond Stop Food Mart is included as an appellee in the style of this appeal, the record reflects that Richmond Stop Food Mart is an assumed name for appellee Husam Ent. Inc. and, thus, is not a separate entity. *See CA Partners v. Spears*, 274 S.W.3d 51, 69 n.11 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("An 'assumed name' is a word or phrase by which a person may be made known to the public, and is not a legal entity.").

[2] Neither the circumstances of the alleged assault nor the identity of the perpetrator are alleged in Abdo's petition.

More than a year and a half after Abdo filed his petition, appellees moved for a no-evidence summary judgment. Appellees contended that although the discovery period had ended and they put Abdo on notice his claims were not viable by filing special exceptions, Abdo did not propound "any discovery to discern the existence of any evidence to support his allegations" against appellees. Appellees asserted in their motion that there was no evidence of the essential duty, breach, and causation elements of the premises liability, negligence, and gross negligence claims. In addition, appellees specifically asserted there was no evidence:

- Husam or Almohamad had any connection to the alleged assault;

- Husam or Almohamad owned any business visited by Abdo on the date of the alleged assault; or

- Husam had any employees on the date of the alleged assault.

Abdo did not respond to the no-evidence motion before the date it was initially set for a hearing. Instead, he moved for a continuance on the ground that he had not received adequate notice of the setting. The trial court granted Abdo's motion for continuance and reset the no-evidence motion for a hearing on a later date.

The day after the trial court granted the continuance, Abdo filed a "Motion for Leave to File Response to Defendants' No Evidence Motion for Final Summary Judgment." In the motion, Abdo requested that the summary-judgment hearing be continued for a second time to allow additional discovery. He also addressed the no-evidence summary-judgment standard, purported to present summary-judgment

3

evidence, and requested that, "upon consideration," the trial court deny appellees' no-evidence motion for summary judgment. The record does not indicate whether the trial court ruled on this motion, and Abdo did not file any other document in connection with appellees' no-evidence motion.

One month later, the trial court granted the no-evidence motion in favor of appellees. The order dismissed "all of [Abdo's] claims," and noted below the trial court's signature that "despite the court granting a motion for continuance for [Abdo] on the previously scheduled hearing date[,] [Abdo] failed to provide an evidentiary response to the no-evidence motion for summary judgment."

Abdo timely moved for reconsideration and a new trial, arguing, among other things, that the trial court's statement in the summary-judgment order that he failed to file an evidentiary response to the no-evidence motion was incorrect because his motion for leave was responsive to the no-evidence motion. The trial court denied the motion for reconsideration and request for a new trial. This appeal followed.

**No-Evidence Summary Judgment**

Texas Rule of Civil Procedure 166a(i) provides that "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which the adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). In his first and second issues, respectively, Abdo

4

argues that the trial court erred by granting a no-evidence summary judgment under Rule 166a(i) because (1) he presented evidence raising a genuine issue of material fact as to the challenged elements of his claims and (2) appellees improperly asserted pleading defects as a basis for the no-evidence summary judgment.

## A.      Standard of review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of a claim on which the nonmovant would have the burden of proof at trial. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment will be sustained on appeal when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered by the nonmovant to prove a vital fact, (3) the nonmovant offers no more than a

scintilla of evidence to prove a vital fact, or (4) the nonmovant's evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751.

## B.    No fact issues precluded summary judgment

In his first issue, Abdo argues that the trial court erred in granting summary judgment for appellees because "there are genuine issues of material fact for every element of [his] negligence claim." Construing Abdo's brief liberally, as we must, we understand this first issue to concern the trial court's summary judgment on both his negligence and premises liability claims.[3] *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 122–23 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (courts of appeals must construe appellant briefs reasonably and liberally); *see also W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (negligence and premises liability claims are closely related but distinct).

Abdo does not dispute that appellees challenged both his negligence and premises liability claims in the no-evidence motion for summary judgment. The record reflects that the no-evidence motion specifically identified the duty, breach, and causation elements as to which appellees contended there was no evidence. Concluding that Abdo failed to respond by presenting evidence of these elements, the trial court granted the no-evidence motion. *See Patidar v. Bank of Am., N.A.*, 442

---

[3]    Abdo's brief cannot be reasonably read as including any challenge to the dismissal of his gross negligence claim on summary judgment.

S.W.3d 789, 793 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in granting the motion."); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i).").

According to Abdo, the trial court should have treated his motion for leave—to which he attached some evidence—as a response to the no-evidence motion. We agree that parts of Abdo's motion for leave can be considered responsive to the no-evidence motion. The motion for leave set out the standard for a no-evidence summary judgment, purported to present "summary judgment evidence," and requested that the no-evidence motion be denied "upon consideration." *E.g.*, *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (to determine nature of pleading, courts should look to its substance rather than its form). But nothing presented in Abdo's motion for leave raised a fact issue that would have precluded summary judgment. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (courts should affirm summary judgment if any of the theories presented to court and preserved for appellate review are meritorious); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996) (appellant courts may affirm summary

judgment on ground different from that relied on by trial court, in interest of judicial economy, as long as alternative ground was included in motion).

Abdo, as the nonmovant, was required to present evidence that qualified as "summary judgment evidence," which is evidence that meets the technical requirements for summary-judgment proof. TEX. R. CIV. P. 166a(i); *In re Guardianship of Virgil*, 508 S.W.3d 591, 595 (Tex. App.—El Paso 2016, no pet.). He submitted four documents with his motion for leave: (1) his petition; (2) his responses to appellees' request for disclosures; (3) an assumed name certificate indicating Husam was conducting business in 2010 under the name Richmond Stop Food Mart; and (4) a "Houston Police Department [HPD] – Officer Incident Notice." Abdo contends these four documents raised fact issues as to the duty, breach, and causation elements of his negligence and premises liability claims.

Two of the documents Abdo submitted—his pleading and his own discovery responses—fail the measure of competent summary-judgment evidence. Pleadings generally do not constitute competent summary-judgment evidence and should not be considered in determining whether the summary-judgment evidence raises a genuine issue of material fact. *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 401 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see also Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (party's pleadings are not substitute for competent evidence, even if pleadings are sworn or verified);

8

*Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("Pleadings simply outline the issues; they are not evidence, even for purposes of summary judgment, let alone a trial on the merits."). In addition, Abdo has cited, and we have found, no case allowing a party to use its own responses to a request for disclosure to defeat a motion for summary judgment. *See, e.g.*, *Affiliated Capital Corp. v. Commercial Fed. Bank*, 834 S.W.2d 521, 529 (Tex. App.—Austin 1992, no writ) (nonmovant's own interrogatory answers not summary-judgment proof).

Even construing the remaining documents in the light most favorable to Abdo, we do not find any genuine issue of material fact as to the challenged elements of the negligence and premises liability claims. The assumed name certificate is dated March 5, 2010. At most, it supports that Almohamad was the registered agent of Husam on that date and that Husam then operated a business under the assumed name of Richmond Stop Food Mart at the address where Abdo alleges the assault occurred more than six years later. Although the certificate includes language to the effect that Husam intended to use the assumed name for a period of ten years, there is no evidence in the record that either appellee still owned or operated a business at that address at the time of the alleged assault.

The HPD Incident Notice does not fill any gaps in Abdo's proof. It reads:

This notice indicates that an incident number was assigned to an assault at the same address included in the assumed name certificate in May 2016. But this notice does not name the business, if any, operating at that location at the time of the assault. Nor does it identify any person involved in the incident as either the complainant or the assailant. Thus, although Abdo alleges that appellees are liable to him because he was assaulted by their employee on their premises, there is a complete absence of summary-judgment evidence to support that allegation.[4]

---

[4] Abdo further asserts that a fact issue was raised by a police report on the assault that he presented at the hearing on his motion for reconsideration. We do not consider the police report for two reasons. First, our review is limited to what the appellate record shows was before the trial court at the time of its ruling. *See E.B. Smith Co. v. U.S. Fidelity & Guar. Co.*, 850 S.W.2d 621, 624 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied). Second, the police report is attached to Abdo's appellate brief as an appendix but is not included in the appellate record. *See Garcia v. Sasson*, 516 S.W.3d 585, 589 n.2 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (documents attached as appendices are not part of appellate record and cannot be considered by appellate court); *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773–74 (Tex. App.—El Paso 2015, no pet.) ("Even when a party asserts that the attached documents were filed with the trial court, if the documents were not

Absent such evidence, there is no genuine issue of material fact as to whether appellees owed Abdo a legal duty at all, let alone whether any breach of duty proximately caused his injuries. *See Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (negligence cause of action, requires evidence of existence of duty, breach of duty, and damages proximately caused by breach); *see also W. Invs.*, 162 S.W.3d at 550 (noting same elements for negligence cause of action and observing premises liability is special form of negligence where duty owed to plaintiff derives from plaintiff's status at time incident occurred). Because the motion for leave did not raise any genuine issue of material fact as to the challenged elements of Abdo's negligence and premises liability claims, we conclude the trial court did not err in granting summary judgment on no-evidence grounds.

We overrule Abdo's first issue.[5]

---

properly included in the appellate record, [courts] are unable to consider them in [their] review."); *see also* TEX. R. APP. P. 34.5 (placing burden on appellant to request and provide a complete record).

[5] Because we have concluded that the trial court did not err in granting the no-evidence summary judgment based on the complete absence of evidence of the challenged elements of Abdo's negligence and premises liability claims, we do not reach Abdo's second issue complaining that the trial court improperly based its summary-judgment ruling on alleged pleading defects. TEX. R. APP. P. 47.1.

**Motion to Reconsider No-Evidence Summary Judgment**

In his third issue, Abdo contends the trial court should have reconsidered the summary judgment and ordered a new trial because its conclusion that he failed to file an evidentiary summary-judgment response was erroneous.

The abuse-of-discretion standard applies to our review of both a motion to reconsider a prior summary judgment and the denial of a motion for new trial. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (motion for new trial); *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (motion to reconsider). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). Further, we may not reverse a trial court's judgment unless we conclude the complained-of error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. Tex. R. App. P. 44.1(a); *Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

The arguments made in Abdo's motion for reconsideration and for a new trial do not raise any issues beyond those we have already considered in determining the merit of the trial court's summary judgment. Accordingly, we hold that Abdo has not shown that the trial court reversibly erred in refusing to reconsider its summary

judgment or order a new trial on his negligence and premises liability claims against appellees.

We overrule Abdo's third issue.

**Rule 45 Sanctions**

In their appellate brief, appellees ask this Court to sanction Abdo under Texas Rule of Appellate Procedure 45 for filing a frivolous appeal.[6] *See* TEX. R. APP. P. 45. ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). If, after considering the record, we make an objective determination that an appeal is frivolous, we are authorized to award damages under Rule 45. *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To determine whether an appeal

---

[6]    Appellees also request sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 10.001–.006. Chapter 10 of the Civil Practice and Remedies Code "allow[s] a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We do not consider this request. The trial court did not assess sanctions against Abdo under Chapter 10. Even presuming the trial court denied requests by appellees for Chapter 10 sanctions, appellees have not filed a notice of appeal from the trial court's final judgment. Thus, they may not seek to alter the trial court's judgment to award them more relief than the trial court granted in its final judgment dismissing Abdo's claims. *See* TEX. R. APP. P. 25.1(c) ("Any party who seeks to alter the trial court's judgment . . . must file a notice of appeal."); *see also Feldman v. Watts*, 586 S.W.3d 591, 597–98 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (parties not entitled to seek award of sanctions under Chapter 10 on appeal when they failed to file notice of appeal from trial court's judgment).

13

is objectively frivolous, we review the record from the advocate's viewpoint and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Id.* But Rule 45 does not mandate that this Court award damages in every case in which an appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). The decision to award such damages falls within the Court's discretion, which we exercise with prudence and caution after careful deliberation. *Mailhot*, 124 S.W.3d at 778. With these principles in mind, we conclude that Rule 45 damages are not warranted in this case.

We deny appellees' request.

## Conclusion

We affirm the judgment of the trial court.

Amparo Guerra
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.