**Affirmed and Memorandum Opinion filed February 10, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00546-CV

---

## DI ANGELO PUBLICATIONS, INC., Appellant

### V.

## JENTRY KELLEY, Appellee

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2018-80674-B**

---

## M E M O R A N D U M   O P I N I O N

Appellee Jentry Kelley sued Di Angelo Publications, Inc. ("Di Angelo") and Di Angelo asserted counterclaims. The trial court granted Kelley's motion for a no-evidence summary judgment on Di Angelo's counterclaims. Di Angelo challenged the summary judgment in a motion for reconsideration, which the trial court denied.

On appeal, Di Angelo challenges the no-evidence summary judgment, relying on evidence filed with its motion for reconsideration. For the reasons

below, we affirm.

## BACKGROUND

Makeup manufacturer Kelley partnered with Di Angelo to publish her book entitled "Hooker to Looker: A Makeup Guide for the Not So Easily Offended." Kelley sued Di Angelo after the parties' business relationship soured. Di Angelo filed an answer and asserted counterclaims against Kelley for breach of contract, suit on a sworn account, quantum meruit, and promissory estoppel.

Kelley filed a motion for a no-evidence summary judgment on Di Angelo's counterclaims. Di Angelo filed its response and attached the following evidence: (1) an affidavit from Di Angelo president Sequoia Schmidt, (2) Kelley's first manuscript submission, and (3) the parties' agreement. The trial court denied Kelley's summary judgment motion.

On November 4, 2019, Kelley filed "Objections to [Di Angelo's] Offered Summary Judgment Evidence and [Kelley's] Notice to the Court of Rule 13 Violations." In her evidentiary objections, Kelley requested that all Di Angelo's summary judgment evidence be struck in its entirety. The trial court signed an order sustaining Kelley's objections to Schmidt's affidavit and the manuscript submission. The trial court overruled Kelley's evidentiary objections to the parties' agreement.

On November 6, 2019, Kelley filed a motion for reconsideration and requested that the trial court grant her no-evidence summary judgment motion. The trial court signed an order granting Kelley's no-evidence summary judgment motion on November 19, 2019.

In June 2020, Di Angelo filed a motion for reconsideration of the trial court's order granting summary judgment. Di Angelo included the following

2

evidence with its motion for reconsideration:  the parties' contract, Schmidt's amended affidavit, an invoice for publishing charges, and a rental ledger.  The trial court signed an order denying Di Angelo's motion for reconsideration.

The trial court also signed an order granting Kelley's "Motion to Sever and For Entry of Final Judgment."  This order severs Di Angelo's counterclaims from the remaining claims and states that the November 19, 2019 order granting Kelley's no-evidence summary judgment motion constitutes a final judgment.  Di Angelo timely appealed.

## ANALYSIS

On appeal, Di Angelo challenges the trial court's November 19, 2019 order granting Kelley's no-evidence summary judgment motion.  To support its arguments, Di Angelo cites evidence filed with its June 2020 motion for reconsideration.[1]

After the trial court grants a summary judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment.  *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).  When a party files a motion for reconsideration after the trial court hears and rules on a summary judgment motion, the court may ordinarily consider the record only as it existed before hearing the summary judgment motion for the first time.  *Circle X Land & Cattle Co. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  "However, the trial court may consider evidence submitted with a motion for reconsideration

---

[1] A motion for reconsideration of a prior summary judgment is treated like a motion for new trial; a ruling on either motion is reviewed for an abuse of discretion.  *Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

3

so long as it affirmatively indicates in the record that it accepted or considered the evidence." *Id.*; *see also Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Stephens v. Dolcefino*, 126 S.W.3d 120, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

An order denying a motion for reconsideration following a summary judgment ruling does not "affirmatively indicate" that the trial court accepted or considered newly-filed evidence when the order denying the motion for reconsideration states that the court "considered the motion, all responses, and argument of counsel, but does not state that it considered the evidence attached to the motion." *McMahan v. Greenwood*, 108 S.W.3d 467, 500 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see also Rodriguez v. Ovation Servs., LLC*, No. 14-16-00619-CV, 2018 WL 1720893, at *2 n.3 (Tex. App.—Houston [14th Dist.] Apr. 10, 2018, pet. denied) (mem. op.) (declining to consider evidence filed after summary judgment ruling because "[t]he trial court did not affirmatively indicate . . . that it had accepted the evidence attached to the motion for new trial as summary judgment evidence or that it considered the evidence").

Here, the trial court's order denying Di Angelo's motion for reconsideration does not indicate the trial court considered any evidence attached to Di Angelo's motion. Specifically, the trial court's order states:

> Plaintiff Jentry Kelley, having filed a RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S NO EVIDENCE SUMMARY JUDGMENT, and the contents of which are incorporated by reference herein; and the Court, after having reviewed the motions, arguments and any response filed, hereby finds that [Di Angelo's] Motion should be DENIED.

Like the authorities discussed above, this language does not affirmatively indicate that the trial court considered the evidence attached to Di Angelo's motion for

4

reconsideration. *See McMahan*, 108 S.W.3d at 500; *see also Rodriguez*, 2018 WL 1720893, at *2 n.3. Accordingly, Di Angelo may not rely on this evidence to challenge the trial court's order granting the no-evidence summary judgment.

Rather, our review of the trial court's summary judgment is limited to the evidence before the court when it granted the motion. *See Circle X Land & Cattle Co.*, 325 S.W.3d at 863. In response to Kelley's no-evidence motion, Di Angelo submitted three exhibits: Schmidt's affidavit, Kelley's first manuscript submission, and the parties' agreement. The trial court sustained Kelley's evidentiary objections to Schmidt's affidavit and the manuscript submission.

Di Angelo does not challenge these evidentiary rulings on appeal. When the trial court sustains objections to summary judgment evidence and the appellant does not present and argue this issue on appeal, the appellant has waived error regarding that ruling and we may not consider the excluded evidence. *See, e.g., Walker v. Schion*, 420 S.W.3d 454, 457-58 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Because Walker does not challenge the ruling sustaining Schion's objections to his affidavit and excluding that evidence from the trial court's consideration, that evidence also is removed from our consideration."); *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (mem. op.) ("Because the trial court granted Rivera's motion striking all of Izaguirre's summary-judgment evidence and that ruling has not been challenged, no evidence supports Izaguirre's appellate arguments.").

Therefore, the only evidence we may consider in our review of the trial court's no-evidence summary judgment is the parties' agreement. We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). The moving party is entitled to

5

a no-evidence summary judgment unless the nonmoving party produces evidence raising a genuine issue of material fact on the challenged elements of the claim. *See* Tex. R. Civ. P. 166a(i); *Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 144 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

Standing alone, the parties' agreement does not warrant reversing the trial court's no-evidence summary judgment on Di Angelo's claims for breach of contract, suit on a sworn account, quantum meruit, and promissory estoppel. As pleaded, all Di Angelo's claims alleged that Kelley failed to pay for services rendered in connection with the publication of her book. Kelley challenged this element of Di Angelo's claims in her summary judgment motion. But the parties' agreement does not provide any evidence of Kelley's alleged failure to pay for services rendered — it only outlines the terms governing the parties' business relationship. Therefore, Di Angelo failed to make the showing necessary to defeat Kelley's no-evidence summary judgment motion. *See* Tex. R. Civ. P. 166a(i).

We overrule Di Angelo's issues on appeal and conclude the trial court did not err by granting Kelley's no-evidence motion for summary judgment.

## CONCLUSION

We affirm the trial court's November 19, 2019 order.

/s/    Meagan Hassan
         Justice

Panel consists of Justices Wise, Spain, and Hassan.